UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID WAYNE GADDY                                                              PETITIONER

VERSUS                                          CIVIL ACTION NO. 1:10-cv-59-LG-RHW

FRANKLIN D. BREWER and JIM HOOD                                          RESPONDENTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the court is Respondent's [7] Motion to Dismiss Petitioner David Wayne Gaddy's 28 U.S.C. § 2254 petition as time barred by the AEDPA's one-year limitation period. On June 7, 2004, Petitioner entered pleas of guilty to unlawful touching of a child for lustful purposes and voyeurism. Petitioner is serving concurrent sentences of fifteen (15) years for the unlawful touching and five (5) years for voyeurism. In his petition, Gaddy argues that (1) he is actually innocent; (2) the accusation was a product of coercion; (3) no factual basis was presented at the plea hearing; (4) his guilty plea was made involuntarily and without full knowledge of facts; (5) the case was decided with undisclosed or undiscovered evidence; (6) he was entitled to an evidentiary hearing or new trial; (7) the judge failed to recuse himself; (8) his sentence was based on an element that was not in his indictment; (9) the court's findings were unsupported by the record; (10) he received ineffective assistance of counsel; and (11) the proceedings violated his due process rights.

Respondent filed its motion to dismiss and argues that Gaddy's conviction and sentence became final on December 10, 2004. Respondent further argues that Gaddy's state-filed motion for post-conviction relief (PCR) was filed outside the one-year time limitation period prescribed, and thus the statute of limitations for his federal habeas petition is not tolled by the pendency of

his PCR. Hence, the § 2254 petition filed on February 17, 2010, is untimely.

Petitioner has filed a response to the motion to dismiss, arguing that his one-year period of limitation should have begun June 8, 2009, pursuant to 28 U.S.C. § 2244(d)(1)(C). Petitioner argues that the United States Supreme Court's decision in *Caperton v. A.T. Massey Coal Co., Inc.*, 129 S. Ct. 2252 (2009) recognized a new constitutional right. He argues that based on this new constitutional right, the judge presiding over his plea hearing and post-conviction relief hearing should have recused himself.

## **LAW AND ANALYSIS**

28 U.S.C. § 2244 provides in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

2

> or claim is pending shall not be counted toward any period of limitation under this subsection

Petitioner pleaded guilty on June 7, 2004. By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. On November 10, 2004, Petitioner was re-sentenced on his guilty plea. Judgment became final for purposes of the AEDPA on December 10, 2004, or 30 days after he was re-sentenced on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690, 692–694 (5th Cir. 2003). Gaddy filed a motion for PCR on March 13, 2007, in the Harrison County Circuit Court. The motion was dismissed by that court in an order filed February 6, 2008. Because the motion for PCR was filed more than one year after Gaddy's conviction and sentence became final, it did not toll the AEDPA's limitation period. To be timely, Gaddy needed to file his § 2254 petition on or before December 12, 2005 (as December 10, 2005 was a Saturday). In the instant case, Gaddy did not sign his petition until February 11, 2010, and the petition was not stamped "filed" until February 17, 2010. Thus, his petition is more than four years overdue.

Gaddy filed a response in opposition to the motion to dismiss, but does not dispute the Respondent's characterization of this time line. Rather, Gaddy argues that the § 2244(d)(1)(C) limitation period should begin June 8, 2009, following the Supreme Court's decision in *Caperton*. In *Caperton*, the Court examined a West Virginia Supreme Court of Appeals judge's denial of a recusal motion. The Court held that the judge should have recused himself when it was probable that a significant campaign contributor would appear before him in the Supreme Court of Appeals. *Caperton*, 129 S.Ct. at 2257. Gaddy argues that by its decision in *Caperton*, the Court has created a recusal standard requiring only probability of bias to be shown. Under

3

this standard, Gaddy submits that his sentence was based upon judicial bias in violation of the Due Process Clause of the Fourteenth Amendment. However, the Court in *Caperton* was clear in declaring that such constitutional implications should be "confined to rare instances." *Caperton*, 129 S. Ct. at 2267. Further, the Court's previous decisions on recusal motions have noted the specific facts and extreme circumstances under which these cases have risen to a constitutional level. *See, e.g.*, *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 825–26, 106 S. Ct. 1580 (1986); *Mayberry v. Pennsylvania*, 400 U.S. 455, 465–66, 91 S. Ct. 499 (1971); *In re Murchison*, 349 U.S. 133, 137, 75 S. Ct. 623 (1955).

Gaddy's reliance on the Supreme Court's decision in *Caperton* is misplaced, as *Caperton* did not consider due process within the context of a habeas corpus petition. Furthermore, the Supreme Court has not made the *Caperton* holding retroactively applicable to cases on collateral review. Nor does Gaddy identify exceptional circumstances to warrant equitable tolling.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Respondent's [7] Motion to Dismiss be granted and that Gaddy's § 2254 petition be dismissed as time-barred.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who objects to this recommendation must, within fourteen (14) days after being served a copy of the Recommendation, serve and file with the Clerk of Court his written objections to the Recommendation, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objection. A

4

party's failure to file objections to the proposed findings, conclusions, and recommendations contained in this report shall bar that party from a *de novo* determination by the District Court. A party who fails to file written objections to the proposed findings, conclusions and recommendation within fourteen (14) days after being served with a copy, shall be barred, except upon the grounds of plain error, from attacking on appeal any proposed factual finding and legal conclusion accepted by the District Court to which the party did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED, this the 18th day of June 2010

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE