# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DAVID WAYNE GADDY** | § | **PLAINTIFF** |
| | § | |
| v. | § | NO. 1:10CV59-LG-RHW |
| | § | |
| **FRANKLIN D. BREWER, Warden,** | § | |
| **and JIM HOOD, Attorney General** | § | **DEFENDANTS** |

## ORDER ADOPTING PROPOSED FINDINGS
## OF FACT AND RECOMMENDATION

**BEFORE THE COURT** is the Proposed Findings of Fact and Recommendation [14] entered by United States Magistrate Judge Robert H. Walker on June 18, 2010. Judge Walker recommends that the defendants' Motion to Dismiss [7] should be granted because David Wayne Gaddy's Petition for Writ of Habeas Corpus is untimely. On June 30, 2010, Gaddy filed an Objection to the Report and Recommendation, asserting that he filed a motion on July 1, 2005, which should have tolled the limitations period. The Court entered an Order requiring the defendants to respond to Gaddy's claim that he filed a motion that tolled the limitations period, and the defendants filed their response on July 21, 2010. Upon reviewing the submissions of the parties and the applicable law, the Court finds that Gaddy's motion was not "properly filed" pursuant to 28 U.S.C. § 2244(d)(2), and thus the filing of the motion did not toll the limitations period. Therefore, this Court adopts Judge Walker's Report and Recommendation as the opinion of this Court and finds that the defendants'

Motion to Dismiss should be granted.

## DISCUSSION

On June 7, 2004, Gaddy was sentenced to serve fifteen years for the unlawful touching of a child for lustful purposes and five years for voyeurism to run consecutive in the custody of the Mississippi Department of Corrections. On November 10, 2004, the Court granted Gaddy's Motion to Reconsider Sentence, ordering that Gaddy's sentences should run concurrently. On July 1, 2005, Gaddy filed a second Motion to Reconsider Sentence, requesting that the trial court decrease his sentence to that recommended by the district attorney – twelve years for unlawful touching and five years for voyeurism to run concurrent. That Motion was never ruled on by the Circuit Court. Gaddy filed a Motion for Post-Conviction Collateral Relief on March 13, 2007, which was denied by the Circuit Court on February 6, 2008. The Mississippi Court of Appeals affirmed the Circuit Court's decision to deny the Motion for Post-Conviction Relief on April 28, 2009, and the Mississippi Supreme Court denied certiorari on November 19, 2009. He filed his Petition for Writ of Habeas Corpus in this Court on February 7, 2010. The defendants filed a Motion to Dismiss, arguing that Gaddy's Petition is untimely.

Judge Walker recommends that this Court grant the defendants' Motion to Dismiss because Gaddy's Petition is overdue. Specifically, Judge Walker

determined that the judgment in Gaddy's case became final on December 10, 2004, or thirty days after he was re-sentenced, and as a result, Gaddy's Petition should have been filed on or before December 12, 2005, in order to be timely. Gaddy objected to Judge Walker's recommendation, arguing that his July 1, 2005 Motion to Reconsider Sentence tolled the limitations period.

28 U.S.C. § 2244(d) provides:

(1) A 1- year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, this Court must determine whether Gaddy's second Motion to Reconsider Sentence was a "properly filed application for State post-conviction or other collateral review." *See* 28 U.S.C. §2244(d)(2). When determining whether an application for post-conviction or other collateral review is "properly filed" courts "look to procedural rules governing the court's jurisdiction to consider the application, not rules governing whether it can consider any particular claim." *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004). Moreover, an application is not "properly filed" if it fails to meet a filing deadline clearly established in state law. *Williams v. Cain*, 217 F.3d 303, 307 (5th Cir. 2000). "[I]f the applicable state procedural rule is an 'absolute bar to filing' such that it provides 'no exceptions' and the court need not examine 'issues related to substance' to apply the procedural rule then the application is not 'properly filed.'" *Larry*, 361 F.3d at 893.

In the case at bar, the defendants argue that Gaddy's second Motion to Reconsider Sentence was not properly filed because it was filed after the circuit court term in which he was sentenced. Gaddy was re-sentenced on November 10, 2004. The circuit court term in which he was re-sentenced began on the first day of November, 2004, and lasted three weeks. Gaddy's second Motion to Reconsider Sentence was not filed until July of the following year. Under Mississippi law, a circuit court judge may not alter a sentence imposed during

a term of court once the term has ended. *Ducote v. State*, 970 So. 2d 1309, 1313 (¶7) (Miss. Ct. App. 2007); *Leverette v. State*, 812 So. 2d 241, 244 (¶11) (Miss. Ct. App. 2002) (citing *Miss. Comm'n on Judicial Performance v. Russell*, 691 So. 2d 929, 944 (Miss. 1997)). Thus, a circuit court does not have jurisdiction to consider a motion to alter a sentence that was filed after the end of the term of court in which the sentence was imposed, unless the circuit court retains jurisdiction pursuant to Miss. Code Ann. § 47-7-47. *Ducote*, 970 So. 2d at 1314 (¶10); *see also Owens v. State*, 17 So. 3d 628, 632-33 (Miss. Ct. App. 2009).

Gaddy's second Motion to Reconsider Sentence was filed well after the close of the court term in which he was sentenced, and the Court did not retain jurisdiction to alter his sentence after the term of court ended. Therefore, Gaddy's Motion was untimely, and the Circuit Court did not have jurisdiction to consider his motion. As a result, the Motion was not "properly filed" under Section 2244(d)(2).

Nevertheless, this Court recognizes that a motion to reconsider a sentence can be construed as a motion for post-conviction relief under Mississippi law, and the statute of limitations period for such motions is three years after the entry of the judgment of conviction. *See, e.g., Ducote*, 970 So. 2d at 1315 (¶13)*; Houston v. State*, 840 So. 2d 818, 819 (¶2) (Miss. Ct. App. 2003); *see also* Miss. Code Ann. § 99-39-5(2). A person sentenced by a court can only seek post-

conviction relief under Mississippi law if he claims:

> (a) That the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;
> (b) That the trial court was without jurisdiction to impose sentence;
> (c) That the statute under which the conviction and/or sentence was obtained is unconstitutional;
> (d) That the sentence exceeds the maximum authorized by law;
> (e) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
> (f) That there exists biological evidence secured in relation to the investigation or prosecution . . . not tested . . . ;
> (g) That his plea was made involuntarily;
> (h) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody;
> (I) That he is entitled to an out-of-time appeal; or
> (j) That the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy.

Miss. Code Ann. § 99-39-5(1). Gaddy did not make any of these allegations in his second Motion to Reconsider Sentence; rather, he merely requested that the Court follow the district attorney's recommendation and afford him leniency, because he had accepted responsibility for his actions. Therefore, his motion was not a motion for post-conviction relief under Mississippi law, and the motion did not toll the limitations period pursuant to Section 2244(d)(2).

In the alternative, Gaddy also states that he disagrees with Judge Walker's determination that there are no exceptional circumstances to warrant

equitable tolling.

> The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable. Equitable tolling will be granted in rare and exceptional circumstances and will not be granted if the applicant failed to diligently pursue his rights. Equitable tolling applies principally when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.

*Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (quoting *Larry*, 361 F.3d at 896-97). Thus, in order to be entitled to equitable tolling, a petitioner must demonstrate (1) that he has pursued his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing the petition. *Howland*, 507 F.3d at 845. This Court has reviewed the record in this matter and has not found any exceptional circumstances justifying equitable tolling. There is no indication or allegation that Gaddy was misled by the defendants or that he was prevented in some extraordinary way from asserting his rights.

Finally, Gaddy reiterates his argument that the limitations period should have begun on June 8, 2009, because the United State's Supreme Court's decision in *Caperton v. A. T. Massey Coal Co., Inc.*, 129 S. Ct. 2252 (2009), was decided on that date. The Court in *Caperton* held that a judge should have recused himself from hearing an appeal in which one of the parties had contributed over three million dollars to the judge's campaign– more than all of

his other campaign contributors combined. *Caperton*, 129 S. Ct. at 2257. Specifically, Gaddy claims that the *Caperton* decision expands the circumstances in which a judge should recuse himself. Gaddy claims that the Circuit Court judge who sentenced him and denied his motion for post-conviction relief should have recused himself, because the judge has three young daughters and Gaddy pled guilty to unlawful touching of Gaddy's own daughter. The Circuit Court judge mentioned his three daughters and his desire to protect children in the community when sentencing Gaddy.

In *Caperton*, the Court held that a judge's failure to recuse himself results in a constitutional violation where "the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable." *Caperton*, 129 S. Ct. at 2257. The Court explained that when "there is a serious risk of actual bias," the Constitution requires judges to disqualify themselves but cautioned that this was an "extraordinary situation." *Id*. at 2263-65. The Court noted that the campaign donor "had a significant and disproportionate influence in placing the judge on the case by raising funds or directing the judge's election campaign when the case was pending or imminent." *Id*. The Court further explained that not every campaign contribution by a litigant or attorney requires a judge's recusal. *Id*.

The *Caperton* decision arguably expanded the law concerning recusal by

requiring judges who *previously* received campaign contributions from a party to recuse themselves because of due process concerns, while previously judges were required to have a direct pecuniary interest in the *outcome* of the decision. *Caperton*, 129 S. Ct. at 2267-68 (Roberts, C.J., dissenting). There is no argument or evidence that Judge Simpson had any kind of pecuniary interest in Gaddy's case. Therefore, there is no reason to believe, even if Gaddy could be granted tolling on the basis of this decision, that Gaddy could not have discovered the existence of his recusal argument prior to the *Caperton* decision. This determination is supported by the fact that Gaddy argued that the Circuit Court judge should have recused himself as early as March 13, 2007, while the *Caperton* decision was dated June 8, 2009.

As a result, the Court finds that Gaddy's Petition was untimely, and that the defendants' Motion to Dismiss should be granted. The Proposed Findings of Fact and Recommendation [14] entered by United States Magistrate Judge Robert H. Walker on June 18, 2010, is adopted as the opinion of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation [14] entered by United States Magistrate Judge Robert H. Walker on June 18, 2010, is hereby **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the defendants'

Motion to Dismiss [7] is **GRANTED**. David Wayne Gaddy's Petition for Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 30th day of July, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE